**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DULCE MARIA LANDROVE,** | § | |
| | § | |
| *Plaintiff,* | § | **SA-18-CV-00615-FB** |
| | § | |
| **vs.** | § | |
| | § | |
| **VOYAGER INDEMNITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion for Summary Judgment [#10] and Plaintiff's Motion for Leave to File First Amended Complaint [#13]. Also before the Court is Defendant's Response to Plaintiff's Motion for Leave to File First Amended Complaint [#14], Plaintiff's Response to Defendant's Motion for Summary Judgment [#15], and Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [#17]. On November 13, 2018, the Honorable Fred Biery referred all pre-trial proceedings in this case to the undersigned for disposition pursuant to Federal Rule of Civil Procedure 72 and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#16]. The undersigned has authority to enter this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's Motion for Summary Judgment [#10] be **GRANTED,** Plaintiff's Motion for Leave to File First Amended Complaint [#13] be **DENIED,** and Plaintiff's First Amended Complaint [#9], which was filed without leave of Court, be **STRICKEN.**

1

# I. Procedural Background

This case arises from an insurance coverage dispute between Plaintiff Dulce Maria Landrove ("Landrove") and Defendant Voyager Indemnity Insurance Company ("Voyager"). On September 1, 2016, Emily Peevler, individually and as next friend for Joseph Peevler, a minor (collectively, "the Peevlers"), filed a complaint against Landrove in a case styled *Emily Peevler, Individually and as Next Friend for Joseph Peevler, a Minor v. Dulce Maria Landrove*, Cause No. 2016CI14869, in the 45th Civil District Court of Bexar County, Texas ("the Peevlers Lawsuit").[1] The Peevlers' Original Petition alleges that on November 2, 2014, Landrove's dog attacked and injured Joseph Peevler on Landrove's property and, on this basis, asserts claims for negligence and strict liability against Landrove. (Peevlers' Orig. Pet. [#10-1] at 2–4.) Landrove contends that Voyager has a duty to defend her in the Peevlers Lawsuit pursuant to a homeowner's insurance policy Voyager issued to her ("the Voyager Policy").[2] Thus, she filed a third-party complaint against Voyager (and her insurance agent, Barrientos Insurance Group) in the Peevlers Lawsuit, seeking declaratory relief of the third-party defendants' obligations and asserting claims for bad faith under Chapter 451 of the Texas Insurance Code. (Third-Party Compl. [#1-1] at 55–57.) She later filed an amended third-party complaint, dropping her bad-faith claims. (Am. Third-Party Compl. [#1-1] at 89–90.) The Bexar County District Court eventually severed all of Landrove's remaining claims against Voyager from the Peevlers Lawsuit and opened a new case, styled *Dulce Maria Landrove v. Voyager Indemnity Insurance Company*, Cause No. 2018CI09725 ("the Severed Action"). (Order Granting Mot. for Severance

---

[1] The Peevlers' Original Petition is attached as Exhibit A to Defendant's Motion for Summary Judgment [#10].

[2] The Voyager Policy is attached as Exhibit B to Defendant's Motion for Summary Judgment [#10].

[#1-1] at 95–97.)  Voyager timely removed the Severed Action, invoking this Court's diversity jurisdiction.  (Notice of Removal [#1] at ¶ 8.)

Voyager now moves for summary judgment, arguing that the record establishes as a matter of law that it has no duty to defend or indemnify Landrove.  Landrove opposes the motion and has filed a motion for leave to amend, through which she seeks the Court's leave to file an amended complaint that adds Barrientos Insurance Group, a non-diverse party against whom she currently has claims pending in the Peevlers Lawsuit, as a defendant, and to add back the bad-faith claims she had previously abandoned.  (Am. Compl. [#9] at ¶¶ 3, 10–11.)  Landrove filed her First Amended Complaint in this Court on October 22, 2018, prior to her motion for leave, and moved for leave to file a first amended complaint when it was brought to her attention that filing the amended pleading without securing leave of Court was not permitted.

## II.  Motion for Summary Judgment

The Court should grant Voyager's motion for summary judgment because the summary judgment record establishes as a matter of law that Voyager has no duty to defend or indemnify Landrove in the Peevlers Lawsuit.  The "eight-corners rule" governs this dispute, and Voyager has no duty to defend or indemnify because, first, the Original Petition in the Peevlers Lawsuit alleges that the dog-bite incident occurred on a date that falls outside the term of the Voyager Policy; and, second, the Voyager Policy unequivocally excludes from coverage dog-bite claims.

**A.    Here, the summary judgment analysis is governed by the "eight-corners rule."**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); *see* FED. R. CIV. P. 56(c).  A dispute is genuine only if the evidence is such that

a reasonable jury could return a verdict for the non-moving party.  *See Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the

district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at

323.  Once the movant carries its burden, the burden shifts to the non-moving party to establish

the existence of a genuine issue for trial.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th

Cir. 1995).  The non-movant must respond to the motion by setting forth particular facts

indicating that there is a genuine issue for trial.  *See Miss. River Basin All. v. Westphal*, 230 F.3d

170, 174 (5th Cir. 2000).  The parties may satisfy their respective burdens by tendering

depositions, affidavits, and other competent evidence.  *See Topalian v. Ehrman*, 954 F.2d 1125,

1131 (5th Cir. 1992).  The Court will view the summary judgment evidence in the light most

favorable to the non-movant.  *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if

no reasonable juror could find for the non-movant, summary judgment will be granted."

*Westphal*, 230 F.3d at 174.  However, if the party moving for summary judgment fails to satisfy

its initial burden of demonstrating the absence of a genuine issue of material fact, the motion

must be denied, regardless of the non-movant's response.  *See Little v. Liquid Air Corp.*, 37 F.3d

1069, 1075 (5th Cir. 1994) (en banc).

In this insurance coverage dispute, this Court is limited in the matters it can consider in

determining whether the insurer has a duty to defend or indemnify.  Under the "eight-corners

rule," "[a]n insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *see Evanston Ins. Co. v. Legacy of Life, Inc.*, 370 S.W.3d 377, 380 (Tex. 2012) ("When determining whether an insurer has a duty to defend, we follow the eight corners rule by looking at the four corners of the complaint for alleged facts that could possibly come within the scope of coverage in the four corners of the insurance policy."). "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002) (quoting *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994)). When applying the "eight-corners rule," Texas courts give the allegations in the petition "a liberal interpretation." *St. Paul Ins. Co. v. Texas Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). However, Texas courts "only defer to a complaint's characterization of factual allegations, not legal theories or conclusions." *Legacy of Life*, 370 S.W.3d at 380. An insurer's duty to defend and duty to indemnify are distinct and separate duties. *See Farmers Texas Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). However, if an insurer has no duty to defend, it also has no duty to indemnify. *Id.* at 84.

**B.      Voyager is entitled to summary judgment because the Peevlers Lawsuit involves an incident alleged to have occurred outside of the Voyager Policy's term.**

Applying the "eight-corners rule," the undersigned turns first to the live pleading in the Peevlers Lawsuit, the Original Petition. The Original Petition alleges that on November 2, 2014, Joseph Peevler was walking down Landrove's street when he "suddenly heard a dog running behind him" and as he turned around "was viciously attacked and mauled." (Peevlers' Orig. Pet. at 2.) The Peevlers claim that Landrove was the owner of the dog that attacked Joseph as well as the property on which the dog was being kept. (*Id.* at 3.) According to the Peevlers, the dog-bite

incident occurred as a result of Landrove's negligence in keeping the dog. (*Id.* at 3–4.) The Peevlers also invoke the doctrine of strict liability, alleging that Landrove had prior knowledge of the dog's vicious propensities. (*Id.* at 4.) This is the crux of the Peevlers' allegations against Landrove, and so the next question is whether the allegations give rise to a claim covered by the Voyager Policy.

The Voyager Policy is the homeowner's policy that Voyager issued Landrove. That much is not in dispute. The effective dates of the policy are from November 13, 2014, to November 13, 2015. (Voyager Policy [#10-1] at 9.) Thus, the dog-bite incident is alleged to have occurred outside the policy period (November 2, 2014), negating any coverage. *See Mesa Underwriters Specialty Ins. Co. v. Perez*, No. SA-14-CA-398, 2014 WL 12496898, at *2 (W.D. Tex. Dec. 3, 2014) (applying the "eight-corners rule" and granting summary judgment where the bodily injury giving rise to the claims in state court occurred outside the policy period). Section II of the Voyager Policy provides personal liability coverage "for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies." (Voyager Policy at 32.) The Voyager Policy defines "occurrence" as "an accident . . . result[ing] in bodily injury or property damage during the policy period," which runs from November 13, 2014, to November 13, 2015. (*Id.* at 26.) Indeed, Landrove does not seriously contest that the incident occurred outside the policy period. In short, because the Original Petition does not allege facts that fall within the Voyager Policy's scope of coverage, Voyager has no duty to defend or indemnify under the terms of that policy.

## C. Alternatively, Voyager is entitled to summary judgment because the Voyager Policy excludes dog-bite claims from coverage.

There is a second and independent reason to award Voyager summary judgment: the Voyager Policy excludes coverage for dog-bite claims. Specifically, the Voyager Policy states

that "[i]t is understood and agreed that no coverage is provided for claims arising out of, based on, or for damages caused by any animal in the care, custody, or control of the insured. This includes, but is not limited to[,] a bite or scratch by an animal." (*Id.* at 19.) The basis of the Peevlers' action against Landrove is that Joseph Peevler was injured by an animal owned by Landrove—more specifically, that he was bitten by Landrove's dog. Thus, the Voyager Policy bars coverage of this incident. *See State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998) (holding that summary judgment was proper where an exclusion in the homeowner's insurance policy barred coverage for all of the insureds' claims).

Landrove offers no substantive arguments in opposition to summary judgment. She merely argues that the motion is premature and that more discovery is needed. But given that the dispute is governed by the "eight-corners rule," additional discovery would not change the outcome, which is dictated by the terms of the Voyager Policy and the allegations in the Original Petition in the Peevlers Lawsuit. Landrove has not identified a legal basis for going beyond the eight corners of these documents in this case, and Voyager is therefore entitled to summary judgment.

### III.  Motion for Leave to Amend

The Court should deny Landrove's motion for leave to file an amended complaint adding Barrientos Insurance Group as a party. As explained above, Landrove's dispute with Voyager is governed by the Voyager Policy and the live pleading in the Peevlers Lawsuit; adding Barrientos Insurance Group as a defendant would do nothing to change the above analysis of Landrove's claims against Voyager. Moreover, the Court should not permit her to add Barrientos Insurance Group because doing so would destroy diversity and deprive this Court of jurisdiction.

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and states that leave should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 20(a) permits joinder of multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). But Rule 15(a)'s leniency is affected by the federal removal statute, which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If diversity is the only basis for the court's subject-matter jurisdiction and the court permits joinder of a non-diverse defendant, it must remand the case to the state court. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (citing 28 U.S.C. § 1447(e)).

In assessing the tension between Rule 15(a) and Section 1447(e), the Fifth Circuit has stated that a district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see Tillman v. CSX Transp.*, Inc., 929 F.2d 1023, 1029 (5th Cir. 1991). "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* The Fifth Circuit has instructed district courts to consider (1) whether the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been diligent in asking for amendment; (3) whether the plaintiff will be prejudiced if amendment is not allowed; and (4) all other

relevant factors. *See id.*; *see also Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185 (5th Cir. 2018); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005). Here, all factors weigh against granting Landrove leave to file her First Amended Complaint.

The first *Hensgens* factor—whether the purpose of the amendment is to defeat federal jurisdiction—cuts against permitting joinder of Barrientos Insurance Group, a non-diverse party. When analyzing the first *Hensgens* factor, courts "consider whether the plaintiff 'knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.'" *Alanis v. Allstate Ins. Co.*, No. SA-17-CV-01060-OLG, 2018 WL 2245076, at *3 (W.D. Tex. Jan. 4, 2018) (quoting *Anzures v. Prologis Texas ILLC*, 886 F. Supp. 2d 555, 566 (W.D. Tex. 2012)); *see Rouf v. Cricket Communications, Inc.*, NO. H–13–2778, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying leave to amend after finding that plaintiffs knew about the proposed non-diverse defendants when the state-court petition was filed). Here, Landrove obviously knew about her claims against Barrientos Insurance Group given that she filed a third-party complaint against the company in the Peevlers Lawsuit more than a year ago. (Third-Party Compl. at 55–57.) Indeed, Landrove's claims against Barrientos Insurance Group and Voyager in her proposed First Amended Complaint are virtually identical to those that she had already raised against Barrientos Insurance Group and Voyager in her original third-party complaint in the Peevlers Lawsuit (including the bad-faith claims). Although she had abandoned her bad-faith claims in the state court litigation, Landrove's claims for declaratory relief against Barrientos Insurance Group remained pending at the time the state court severed Landrove's claims for declaratory relief against Voyager from the Peevlers Lawsuit, which was what enabled Voyager to remove the Severed Action. Landrove's attempt to file an amended complaint to join a non-

diverse party that she is already suing for the same conduct in state court is an effort to destroy this Court's diversity jurisdiction.

The second *Hensgens* factor also cuts against permitting post-removal joinder of Barrientos Insurance Group. In analyzing the second *Hensgens* factor, the plaintiff's delay in filing a motion for leave, "courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures*, 886 F. Supp. 2d at 565. District courts in the Fifth Circuit have consistently found plaintiffs to be dilatory when the proposed amendment is not filed within two months after the filing of the original complaint or within thirty days after the notice of removal. *See, e.g.*, *Mia Reed & Co. v. United Fire & Cas. Co.*, No. CIV.A. H-10-4440, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012); *Aaron Irigoyen & Rosie Irigoyen, Plaintiffs, v. State Farm Lloyds, Defendant.*, No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004); *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). Courts have also considered the procedural posture of the case, "particularly whether 'trial or pre-trial dates were scheduled,' or any 'significant activity beyond the pleading stage has occurred.'" *Anzures*, 886 F. Supp. 2d at 565 (quoting *Arthur v. Stern*, No. CIV.A. H-07-3742, 2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008)). As discussed above, Landrove knew of Barrientos Insurance Group's identity and potential liability for the entirety of this case. *See Tujague v. Atmos Energy Corp.*, No. CIV.A. 05-2733, 2008 WL 489556, at *4 (E.D. La. Feb. 20, 2008) (finding undue delay because "the information plaintiff needed to assert a direct claim against [the non-diverse defendant] was in plaintiff's possession long ago"). Landrove, however, did not seek to add Barrientos Insurance Group until four months after Voyager removed the case to this Court, far longer than the thirty days found to be dilatory. Landrove offers no explanation for the delay. Accordingly,

Landrove was not diligent in requesting amendment and the second *Hensgens* factor also weighs against allowing joiner of Barrientos Insurance Group.

The third *Hensgens* factor also cuts against permitting joinder because Landrove will not be "significantly injured" if her motion is denied. *Hensgens*, 833 F.2d at 1182. In analyzing this factor, "courts consider 'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *Azures*, 886 F. Supp. at 565 (quoting *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010)). As noted above, Landrove's claims against Barrientos Insurance Group have been pending in state court for over a year. Landrove can pursue her claims against Barrientos Insurance Group, which are distinct and separate from her claims against Voyager, in the state forum.

Equity—the fourth *Hensgens* factor—also cuts against granting leave to amend. Equitable factors to be analyzed include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, *see*, *e.g.*, *Smith v. Robin Am., Inc.*, No. CIV.A. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009), and whether denying leave to amend would result in parallel state-court proceedings, *see*, *e.g.*, *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06–0617, 2006 WL 1331541, at *6 (E.D. La. May 12, 2006). Permitting the joinder of Barrientos Insurance Group would require this Court to remand the case back to state court and deprive Voyager of its right to a federal forum. Further, denying leave to amend would not result in parallel litigation. The Peevlers Lawsuit is not a parallel lawsuit to the instant insurance coverage dispute. That is in fact why Landrove's claims against Voyager were severed from the Peevlers Lawsuit by the state court in the first place.

In sum, all four *Hensgens* factors counsel against amendment. The purpose of the *Hensgens* factors is to balance the "danger" of parallel judicial proceedings with a defendant's

interest in retaining the federal forum. *Hensgens*, 833 F.2d at 1181. In this case, it would be unfair to Voyager to remand this case to state court at this stage in the proceedings and there is no danger of parallel judicial proceedings, as the claims against Voyager are distinct from the claims against Barrientos Insurance Group. In addition, there is no discernable explanation for why Landrove delayed in seeking to add Barrientos Insurance Group as a party in this case, especially since Landrove knew about Barrientos Insurance Group's potential role in this case for the entirety of the litigation. "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996). Therefore, Landrove's motion should be denied.

## IV. Conclusion and Recommendation

Having considered the motions, the related filings, and the evidentiary record submitted to the Court, the undersigned recommends that Defendant's Motion for Summary Judgment [#10] be **GRANTED,** Plaintiff's Motion for Leave to File First Amended Complaint [#13] be **DENIED,** and Plaintiff's First Amended Complaint [#9] be **STRICKEN.**

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other

parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of January, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE